UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 03-14008-CR-MOORE/LYNCH

UNITED STATES OF AMERICA,

    Plaintiff,

v.

JAMES HARLEY IHINGER,

    Defendant.
_____/



FILED by _____ D.C.

JUN 2 6 2013

STEVEN M. LARIMORE
CLERK U.S. DIST. CT.
S.D. OF FLA. - FT. PIERCE

### REPORT AND RECOMMENDATION ON DEFENDANT'S ADMISSIONS TO VIOLATIONS 1 AND 2 AS SET FORTH IN THE PETITION FOR VIOLATIONS OF SUPERVISED RELEASE

**THIS CAUSE** having come on to be heard for a final hearing in respect to the pending Petition Alleging Violations Of Supervised Release and this Court having conducted a hearing wherein the Defendant advised this Court that he wished to admit Violations Numbers 1 and 2 of the Petition, this Court recommends to the District Court as follows:

1. The Defendant appeared before this Court on June 26, 2013 for a final hearing in respect to a Petition Alleging Violations Of Supervised Release. That Petition alleges the following violations:

| | |
|---|---|
| **Violation Number 1** | **Violation of Mandatory Condition**, by failing to refrain from violation of the law. On May 3, 2013, in St. Lucie County, Florida, the defendant committed driving while under the influence, in violation of Florida Statute 316.193(1). |
| **Violation Number 2** | **Violation of Mandatory Condition**, by failing to satisfy the Court ordered restitution. On July 28, 2003, restitution in the amount of $3,262.00 was ordered. On September 29, 2011, the Court modified the offender's conditions of supervision to include $25 monthly restitution payments. As of today's date, the offender is seven months in |

arrears and is in default on his financial obligation.

2. After consultation with his attorney, the Defendant announced to this Court that he wished to admit Violations Numbers 1 and 2 as set forth in the Petition.

3. The government announced the possible maximum penalties which the Defendant was facing. The Defendant stated that he understood those penalties. This Court questioned the Defendant and made certain that he understood his rights in regards to an evidentiary hearing in respect to Violations Numbers 1 and 2. Further, the Defendant acknowledged that he understood his rights in that regard and further understands that all that will remain will be for the District Court to conduct a sentencing hearing for final disposition in this matter.

**ACCORDINGLY**, based upon the Defendant's admissions to Violations Numbers 1 and 2 under oath, this Court recommends to the District Court that the Defendant be found to have violated his supervised release in respect to Violation Numbers 1 and 2 as set forth in the Petition and that a sentencing hearing be set at the earliest convenience of the District Court for final disposition of this matter.

The parties shall have fourteen (14) days from the date of this Report and Recommendation within which to file objections, if any, with the Honorable K. Michael Moore, the United States District Judge assigned to this case. Pursuant to Federal Rules of Criminal Procedure, Rule 59(b)(2), failure to file objections timely waives a party's right to review and bars the parties from attacking on appeal any legal rulings and factual findings contained herein.

**DONE AND SUBMITTED** this _26th_ day of June, 2013, at Fort Pierce, Northern Division of the Southern District of Florida.

_____
FRANK J. LYNCH, JR.
UNITED STATES MAGISTRATE JUDGE


Copies furnished:
Hon. K. Michael Moore
AUSA Russell Killinger
AFPD Panayotta Augustin-Birch
U. S. Probation
U. S. Marshal